IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GWENDOLYN WILLIAMSON, ET AL.     *
                                                *
                                                *
         v.                                   *          Civil No. – JFM-10-41
                                                *
HORACE ALSTON, ET AL.          *
                                              ******

**MEMORANDUM**

     Plaintiffs, various members of Local 333 of the International Longshoremen's Association, AFL-CIO ("Local 333") have brought this action on behalf of themselves and Local 333 against the International Longshoremen's Association Baltimore District Council, the officers of the District Council, and certain officers of Local 333. Plaintiffs have filed an amended complaint that defendants have moved to dismiss. Plaintiffs have filed an opposition to the motion.

     The motion will be granted. The controversy between the parties involved the interpretation of a provision in the constitution of the International Longshoremen's Association and a provision of the constitution and by-laws of Local 333 relating to the payment of salaries to officers of Local 333. Essentially, the dispute turns on whether the salaries of officers who were serving before a 2006 election could be reduced by the membership of Local 333 after the election had occurred. The Baltimore District Council interpreted the constitution of the international union and the constitution and by-laws of Local 333 as prohibiting such a reduction. Subsequently, the District Council rescinded that decision.

     This question clearly arises from an intra-union disagreement about the interpretation of union documents. As such, it does not constitute "discipline" within the meaning of 29 U.S.C. §411(a)(5) and 29 U.S.C. §529. *See Breininger v. Sheet Metal Workers Local 6*, 493 U.S. 67

(1989). Nor is the case one involving a breach of the duty of fair representation. *See generally Vaca v. Sipes*, 386 U.S. 171 (1967). Moreover, although, as defendants concede, 29 U.S.C. §185 provides jurisdiction in federal court over claims alleging a breach of a union's constitution, *see Plumbers v. Plumbers Local 334*, 452 U.S. 615 (1981), absent allegations that the district council and its members did not act dishonestly (an allegation that is not made and could not be made on the basis of the allegations that are made), they are not proper defendants in an action challenging their interpretation of the International's constitution and Local 333's constitution and by-laws. *See generally Auto Workers v. Greyhound Lines, Inc.*, 701 F.2d 1181, 1185-86 (6th Cir. 1983); *Early v. Eastern Transfer*, 699 F.2d 552, 559, 560 (1st Cir. 1983).

Finally, except for alleged overpayments that have been made, the controversy between the parties is now moot in light of the District Council's rescission of its prior decision. As to the alleged overpayments, as defendants point out, Local 333, under its present leadership, can seek recovery from the officers to whom the alleged overpayments were made by making withholdings from the officer's present salaries.

A separate order granting defendant's motion to dismiss is being entered herewith.


Date: May 10, 2010  \_\_/s/_____
                                        J. Frederick Motz
                                        United States District Judge